## Capwell *v.* Capwell, Appellant.

*Divorce—Desertion—Evidence—Sufficiency.*

The decree of the lower court granting a divorce on the grounds of desertion will be sustained, where the clear weight of the evidence showed that the respondent had left her husband and had no intention of returning; that there was no legal justification for

her separation, and that she had wilfully deserted libellant for a period of over four years.

Argued April 12, 1922. Appeal, No. 83, April T., 1922, by respondent, from decree of C. P. Venango County, April T., 1920, No. 39, granting a divorce in the case of Samuel P. Capwell v. Alice T. Capwell. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Libel in divorce. Before CRISWELL, P. J.

The case was heard by the court, and a decree of divorce was entered for the libellant from the respondent on the ground of desertion. Respondent appealed.

*Error assigned* was the order of the court.

*A. R. Osmer,* and with him *N. F. Osmer* and *Lones, Hill* and *Davidson,* for the appellant.—Mutual consent will prevent a divorce upon the ground of desertion: Olson v. Olson, 27 Pa. Superior Ct. 128; Neagley v. Neagley, 59 Pa. Superior Ct. 565. There must be the guilty intent to desert: Sternberg v. Sternberg, 73 Pa. Superior Ct. 328; King v. King, 36 Pa. Superior Ct. 33.

*George S. Criswell,* for the appellee.

OPINION BY HENDERSON, J., July 13, 1922:

The opinion of the learned trial judge contains a careful analysis of the evidence taken in this case and a correct statement of the law applicable to the facts found. All of the conclusions are supported by evidence and a careful review of the record does not disclose any error which should cause a reversal of the decree. The complaint alleged against the respondent was desertion. That the parties lived apart was a conceded fact. The question in controversy was whether the absence of the respondent from her husband amounted to legal deser-

tion.  We think the clear weight of the evidence supports the findings of the court that the respondent had no intention to return to the libellant and reëstablish the home.  Two of the respondent's letters introduced as evidence, one of them dated June 6, 1917, can have no other meaning than that so far as the respondent was concerned the marriage relation had terminated, and we do not find evidence of any intention on her part which would support the conclusion that she intended to return to her husband after that date.  So far as may be inferred from anything on the record her aversion to her husband continues, nor do we find any fact disclosed which would give any reason to the libellant to believe that overtures to her to return would be effectual.  Her antagonism seems to have been deep seated and fixed.  As the evidence does not disclose a legal justification for her separation from her husband, her persistence in maintaining it will sustain a decree for desertion.  It may be as argued that when she returned to the home of her parents the understanding with her husband was that she would go back to Detroit where they were living after a visit at her old home, but the evidence supports the belief that in May or early in June, 1917, she reached the determination not to reëstablish the family relation.  It is argued on behalf of the appellant that the letter of June 6th was written in a moment of anger or excitement, and that nothing more can be predicated of it than a determination on her part to separate herself permanently from her husband if he persisted in his previous conduct and refused to fulfill his prenuptial promise to marry her according to the rites of her church.  This might be a proper view for her to entertain as related to her own conscience, but as the parties were lawfully married, the condition of a second marriage could not be maintained as an excuse for her refusal to longer live with her husband.  We agree with the court below, therefore, that the complaint is established by the preponderance of the evidence.

The appeal is dismissed at the cost of the appellant.